UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-CR-10100 |
| | ) |
| TIMOTHY BABBITT, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION**

This matter is now before the Court on Defendant Timothy Babbitt's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 122, 126. For the reasons set forth below, Defendant's Motions are DENIED.

**BACKGROUND**

On April 21, 2014, Defendant pled guilty to a conspiracy to manufacture, with intent to distribute, 1,174.4 grams of methamphetamine. ECF No. 49 at 4. Due to a history of criminal convictions, Defendant had a category IV criminal history. On February 12, 2015, Defendant was sentenced to 262 months' imprisonment followed by eight years of supervised release. ECF No. 89 at 2. The sentence was subsequently reduced to 183 months on November 3, 2015. ECF No. 94 at 2. Defendant's projected release date from the Federal Bureau of Prisons ("BOP") is January 6, 2027.

Defendant previously filed a motion for compassionate release with this Court, which was denied on September 23, 2020. ECF No. 111. There, the Court found that the Defendant failed to meet the 30-day administrative exhaustion requirement, and also failed to meet the eligibility requirements for compassionate release. *Id.* Relevant to this Order, the Court held that the

Defendant's medical conditions—his BMI of 35, Hepatitis C diagnosis, and risk of COVID-19 infection—did not constitute an extraordinary and compelling circumstance that would justify his release. *Id.* at 5–6.

On April 6, 2022, Defendant filed another request for compassionate release with the Warden at FCI Phoenix, again citing his BMI, Hepatitis C diagnosis, and risk of COVID-19 infection as warranting a compassionate release. ECF No. 122 at 5. The Warden denied his request. *Id.* at 6. Since then, Defendant has been relocated to FCI Sheridan, in Sheridan, Oregon. *Id.* at 29. On September 11, 2023, Defendant filed his second Motion for Compassionate Release with this Court, again requesting compassionate release on the grounds that he has a BMI of over 35, Hepatitis C, long hauler effects of COVID-19, and polysubstance and tobacco use—all of which, he argues, put him at high-risk of a COVID-19 infection. *Id.* at 5. Defendant also asserts that he seeks release to take care of his 80-year-old mother who lives alone. *Id.* at 15. In support of his release, Defendant notes that he is 53 years old, has completed over two-thirds of his sentence, has obtained a masters' degree and completed 85 certificate programs, has secured employment, and has a low recidivism score. *Id.*

On September 26, 2023, the Government filed a response arguing Defendant's health and familial circumstances do not present an extraordinary circumstance for release, and that the 18 U.S.C. § 3553(a) factors continue to weigh against release. ECF No. 123. On October 17, 2023, Defendant filed a Supplemental Motion for Compassionate Release (the "Supplemental Motion"). ECF No. 126. While styled as a motion, the Supplemental Motion mainly replies to the Government's arguments, and will be treated as such.

**LEGAL STANDARD**

Generally, a sentence of imprisonment is final and may not be modified once it has been imposed except in narrow circumstances. 18 U.S.C. § 3582(c) (providing that "extraordinary and compelling" reasons must warrant a reduction in sentence). Before filing a motion for compassionate release, a defendant is required to first request that the BOP file a motion on his or her behalf. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

Section 3582(c)(1)(A) authorizes a district court to reduce a sentence upon a finding that (1) extraordinary and compelling reasons warrant a sentence reduction, and (2) a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a) and is "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The U.S. Sentencing Commission has issued a Policy Statement for Reduction in Term of Imprisonment under § 3582(c)(1)(A) (the "Policy Statement") in the United States Sentencing Guidelines (the "USSG"). *See* USSG § 1B1.13; 28 U.S.C. § 994(t) (directing the Sentencing Commission to describe criteria). However, because the Policy Statements predated the First Step Act and apply only to motions brought by the BOP, not inmates, the Policy Statements act only as guidelines and do not constrain district courts. *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (holding that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion").

The U.S. Sentencing Commission, however, recently revised its policy statements through amendments that will become effective November 1, 2023, absent Congressional action

3

(the "Proposed Policy Amendments"). United States Sentencing Commission, *Amendments to the Sentencing Guidelines,* (April 27, 2023) (available at https://www.ussc.gov/sites/default/files/pdf/amendmentprocess/reader-friendlyamendments/202305_RF.pdf). The Proposed Policy Amendments include two new subcategories for "Medical Circumstances" that may warrant compassionate release. Therefore, the Court will consider the Proposed Policy Amendments in addition to the current Policy Statement. *See United States v. Ward*, No. 09-cr-687-3, 2023 WL 5004408 (N.D. Ill. June 22, 2023) (considering both policy statements).

## DISCUSSION

As an initial matter, the Government does not dispute that Defendant has exhausted all of his available administrative remedies. The Court therefore turns to whether extraordinary and compelling reasons warrant a reduction in Defendant's sentence, and, if so, whether compassionate release comports with the sentencing factors under § 3553(a).

i. **No Extraordinary and Compelling Reasons Warrant a Reduction in Defendant's Sentence.**

Defendant again seeks compassionate release due to his medical conditions that increase his risk for illness if he contracts COVID-19. Both the Policy Statement and the Proposed Policy Amendments address sentence reductions based on medical conditions under § 3582(c)(1)(A). The Policy Statement § 1B1.13 currently provides that an "extraordinary and compelling" medical reason includes a serious medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13, cmt. n.1 (A). This requires a Defendant to suffer from a terminal illness, serious medical condition, cognitive impairment, or deteriorating health. *Id.*

The Proposed Policy Amendments include two new subcategories for "Medical Circumstances of the Defendant." The first subcategory applies when: "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and who, without that care, is at risk of serious deterioration in health or death." Proposed Policy Amendments § 1B1.13(b)(1)(A). The second subcategory applies when:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.

Proposed Policy Amendments § 1B1.13(b)(1)(D)(i)–(iii).

Here, Defendant does not satisfy either the current Policy Statement or the Proposed Policy Amendments regarding his medical condition. Under the current Policy Statement's medical condition component, Defendant does not establish that he is suffering from a "terminal illness," instead merely stating that his age of 53-years' old, BMI of 36, Hepatitis C diagnosis, long-haul COVID effects, and drug and tobacco use make him susceptible to a COVID-19 infection. As this Court has already found, while Defendant's age and medical conditions taken together may slightly elevate Defendant's risk level from COVID-19 infection, they do not rise to the level of an extraordinary or compelling reason justifying compassionate release under § 3582(c). *See* ECF No. 111. Importantly, per Defendant's medical history as of July 5, 2022, Defendant has received and completed the COVID-19 vaccine. ECF No. 125-4. The Seventh Circuit has held that, in compassionate release circumstances, that "vaccines offer relief far more effective than a judicial

order" and "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 802–03 (7th Cir. 2021). Further, nothing in the record suggests that Defendant's age or mental diagnosis has led to physical or mental deterioration warranting release.

Additionally, even under the Proposed Policy Amendments, Defendant does not satisfy the applicable standard for a compassionate release. First, Defendant does not argue that there is long-term or specialized care that is not being provided under the first new subcategory. Second, Defendant does not demonstrate that the FCI Sheridan facility is affected with an ongoing COVID-19 outbreak warranting compassionate release. Currently, FCI Sheridan is listed as a low-risk Level 1 Operation, with low incidents of isolation and no modified visiting procedures from COVID-19. ECF No. 125-2. Additionally, even if FCI Sheridan had a high-outbreak level, Defendant does not demonstrate that "such risk could not be mitigated in a timely manner," as required under the Proposed Policy Amendments and recent case law. *See* Amended Policy Statements § 1B1.13(b)(1)(D)(iii); *see also United States v. Melgarejo*, 2020 WL 2395982 (C.D. Ill. May 12, 2020) ("The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release.").

Defendant's desire to care for his 80-year-old mother also does not satisfy the criteria for a compassionate release. Under the Policy Statement, Defendant does not demonstrate that he is the only caregiver for a minor child or incapacitated spouse or partner. While the Proposed Policy Amendments add care for an incapacitated parent as a potentially compelling factor, Defendant does not demonstrate that his mother is incapacitated and that he is the only available caregiver. *See* Proposed Policy Amendments § 1B1.13(b)(1)(D). Thus, Defendant does not demonstrate that he has an extraordinary and compelling circumstance that warrants a reduction in his sentence.

**B.    The § 3553(a) Factors Do Not Otherwise Warrant a Sentence Reduction.**

The Seventh Circuit has held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker*, 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, as the Court found above, the Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a). Even if the Court were to reach the § 3553(a) factors, those factors weigh against release. As stated in this Court's prior order denying Defendant's first motion for compassionate release, Defendant's criminal history and conduct while imprisoned weigh against immediate release under § 3553(a). ECF No. 111 at 7. The Court's position has not changed, and the Court continues to find the sentence imposed appropriate.

Accordingly, the Court finds that his early release would not be justifiable under the § 3553(a) factors and denies Defendant's request for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

For the reasons set forth above, Defendant's [122] [126] Motions for Compassionate Release are DENIED.

ENTERED this 31st day of October, 2023.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
